James Weiler; AZ Bar No. 034371
Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jweiler@weilerlaw.com
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Ron Kasapi**, an Arizona Resident; **Jarrett Bain**, an Arizona Resident; and **Samantha Pearce**, an Arizona Resident Individually and on Behalf of All Others Similarly Situated; <br><br>          Plaintiffs, <br><br>     v. <br><br> **E Mortgage Capital, Inc.** a California limited liability company; <br><br>          Defendant. | Case No. 2:25-CV-02907-DWL <br><br><br> **PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION** <br><br> **(Assigned to the Hon. Dominic W. Lanza)** |

Plaintiffs seek to conditionally certify a collective action pursuant to Section 216(b) of the Fair Labor Standards Act ("**FLSA**") consisting of:

> **All employees who work[ed] for Defendant E Mortgage Capital, Inc. and/or a related entity; within the last three years; who work[ed] over 40 hours in any given workweek as a past or present dialer, pre-approval manager, director, loan processor, loan officer assistant, Loan Consultant, Loan Production Assistant, Branch Pre-Approval Manager, CRM manager, loan officer, inside sales representative, (or similar job title and/or similar job duties and responsibilities) are known as (the "Collective Members").**

**These Collective Members were not paid overtime at the correct overtime rate of pay for all hours worked over 40 in a given workweek and/or worked off-the-clock hours that they did not receive overtime compensation for.**

Through this lawsuit, Plaintiffs ("**Named Plaintiffs**" or "**Plaintiffs**") seek to recover unpaid overtime wages and liquidated damages for themselves and the Collective Members, requiring the proper payment of overtime wages to employees, under the collective action mechanism of the FLSA, 29 U.S.C. § 216(b).

In collective actions brought under Section 16(b) of the FLSA, an employee's statute of limitations will continue to run and will only commence "when, and only when, his [or her] written consent to become a party Plaintiffs to the action is filed in the court in which the action was brought." 29 U.S.C. § 257. As a result of this distinction, expedited notice to potential opt-in Plaintiffs is essential to ensure timely assertion of putative class members' rights.

This motion seeks permission to send the Collective Members notice under 29 U.S.C. § 216(b), informing them of their right to join this case and allowing them to decide whether to seek their unpaid wages. Conditional certification of this lawsuit as a collective action and resulting notice to potential Plaintiffs is essential because each day that notice does not go to potential Plaintiffs, it potentially constitutes another day that has been lost under the FLSA's statute of limitations. Any delay by Defendant or unexpected delay by the Court in this ruling could give potential opt-in Plaintiffs an equitable tolling argument. Therefore, there is a lenient standard at this stage and a quick order of conditional certification of a collective action should be awarded.

The parties have conducted no exchange of discovery and Plaintiffs have not had the opportunity to take any depositions or receive written discovery, through Named

Plaintiffs Kasapi, Bain, and Pearce's declarations (attached hereto as "**Exhibit 1, 2, 3**") and the detailed allegations in Plaintiffs' Collective Action Complaint, Plaintiffs demonstrate that Defendant's employees are similarly situated with respect to Defendant's payroll policies and practices of failing to pay Plaintiffs and the Collective Members the correct time and a half overtime premium for hours worked in excess of 40 hours per workweek. Plaintiffs have thus provided more than the "substantial allegations" necessary to satisfy the lenient standard for conditionally certifying a collecting action and authorizing notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

As defined above, Named Plaintiffs bring this action on behalf of themselves and the Collective Members.

Kasapi was a full-time employee who worked for Defendant and was titled as a Loan Consultant from on or around March 25, 2024 until on or around January 6, 2025. (Exhibit 1 at ¶¶ 2-3). Kasapi's job duties and responsibilities included assisting in preparing preliminary loan packages for processing, customer service, coordinating loan closings, and administrative tasks. (Exhibit 1 at ¶ 4). Kasapi was paid $14.35 an hour plus commission. (Exhibit 1 at ¶ 5). Kasapi was almost never paid any overtime. (Exhibit 1 at ¶ 6). Kasapi was not permitted to report many of his overtime hours and was not paid for most of his hours worked over 40 hours in a given workweek. (Exhibit 1 at ¶ 7). Kasapi's compensation plan stated that his commissions would be calculated by deducting from the Commission Factor Revenue the hourly pay that was paid to him from hours worked. (Exhibit 1 at ¶ 8). Kasapi witnessed multiple coworkers with the same job title and compensation structure as

his not receiving overtime payment and working a similar schedule as his and spoke with coworkers about not being paid overtime. (Exhibit 1 at ¶¶ 9-13).

Bain was a full-time employee who worked for Defendant and was titled as a Pre-Approval Manager from on or around March 25, 2024 until on or around July 1, 2025. (Exhibit 2 at ¶¶ 2-3). Bain's job duties and responsibilities included assisting in preparing preliminary loan packages for processing, customer service, and administrative tasks. (Exhibit 2 at ¶ 4). Bain was paid a base salary plus commissions, and he was almost never paid any overtime. (Exhibit 2 at ¶¶ 5-6). Bain was not permitted to report many of his overtime hours and was not paid for most of his hours worked over 40 hours in a given workweek. (Exhibit 2 at ¶ 7). Bain's compensation plan stated that his commissions would be calculated by deducting from the Commission Factor Revenue the hourly pay that was paid to him from hours worked. (Exhibit 2 at ¶ 8). Bain witnessed multiple coworkers with the same job title and compensation as his not receiving overtime payment and working a similar schedule as his and spoke with coworkers about not being paid overtime. (Exhibit 2 at ¶¶ 9-16).

Pearce was a full-time employee who worked for Defendant and was titled as a CRM Manager from on or around March 25, 2024 until on or around July 1, 2025. (Exhibit 3 at ¶¶ 2-3). Pearce was classified as exempt, but she never managed employees and could not hire, fire, promote, determine pay, or discipline. (Exhibit 3 at ¶¶ 4-6). Pearce's job duties and responsibilities included quality control, front-end sales, and troubleshooting. (Exhibit 3 at ¶ 7). Pearce was paid a base salary plus bonus, and she was almost never paid any overtime. (Exhibit 3 at ¶¶ 8-9). Pearce was not permitted to report many of her overtime hours and was not paid for most of her hours worked over 40 hours in a given workweek.

(Exhibit 3 at ¶ 9). Pearce witnessed multiple coworkers with similar job titles and compensation as her not receiving overtime payment and working a similar schedule as her and spoke with coworkers about not being paid overtime. (Exhibit 3 at ¶¶ 12-16).

Bain and Kasapi had identical job duties and responsibilities and were paid the exact same structure but had different job titles. Defendant had different job titles for many of their employees but they all had very similar job duties and responsibilities. All three Named Plaintiffs were part of the same scheme by Defendant, and they all worked hours above 40 in a given workweek and were not paid overtime for those hours. This is similar to the other employees with different job titles.

## II.   LEGAL ARGUMENT SUPPORTING CONDITIONAL CERTIFICATION

Plaintiffs seek conditional certification of their FLSA claim pursuant to 29 U.S.C. § 216(b). Plaintiffs seek certification of the following:

> **All employees who work[ed] for Defendant E Mortgage Capital, Inc. and/or a related entity; within the last three years; who work[ed] over 40 hours in any given workweek as a past or present dialer, pre-approval manager, director, loan processor, loan officer assistant, Loan Consultant, Loan Production Assistant, Branch Pre-Approval Manager, CRM manager, loan officer, inside sales representative, (or similar job title and/or similar job duties and responsibilities) are known as (the "Collective Members").**

> **These Collective Members were not paid overtime at the correct overtime rate of pay for all hours worked over 40 in a given workweek and/or worked off-the-clock hours that they did not receive overtime compensation for.**

Based on this preliminary factual evidence, there are other employees (both current and former) similarly situated to Plaintiffs. This case does not involve an exhaustive review of the workers' duties. It simply involves the question of whether Plaintiffs and other Collective Members received their correct overtime rate using an adjusted overtime

rate to include bonuses for all hours worked over 40 hours in a given workweek and were paid for off-the-clock hours when they worked over 40 hours in a given workweek.

### A. Overview and Purpose of FLSA Collective Actions and Supervised Notice.

Under the FLSA, an action for unpaid overtime wages may be maintained "by any one or more employees" individually, and on behalf of any other employees who are "similarly situated." 29 U.S.C. § 216(b). "Collective actions and class actions are creatures of distinct texts — collective actions of section 216(b), and class actions of Rule 23 — that impose distinct requirements." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1101 (9th Cir. 2018). Moreover,

> "Preliminary certification" of an FLSA collective action — also known as "provisional" or "conditional" certification — is an example of the confusion sown by the Rule 23 analogy. The term "certification" calls to mind an affirmative decision by the district court, as in the Rule 23 context, to allow a collective action to go forward. *See* Fed. R. Civ. P. 23(c)(1)(A). Yet, unlike in the Rule 23 context, the district court in a collective action plays no such gatekeeping role. Preliminary certification in the FLSA context does not "produce a class with an independent legal status[] or join additional parties to the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013). "The sole consequence" of a successful motion for preliminary certification is "the sending of court-approved written notice" to workers who may wish to join the litigation as individuals. *Id.*

[*Id.*]

Therefore, unlike a traditional Rule 23 class, "[n]o employee shall be a party Plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* The opt-in collective action mechanism serves the dual purpose of lowering litigation costs for individual Plaintiffs and decreasing the burden on the courts, through "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged

discriminatory activity." *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

This distinct "opt-in" structure of § 216(b) also heightens the need for employees to "receiv[e] accurate and timely notice concerning the pendency of the collective action." *Id.* Because each employee's statute of limitations continues running until the filing of his or her written consent, it is imperative that a motion for conditional certification be filed and decided early in litigation, prior to a determination of the case on the merits. *See, e.g.*, *Kalish v. High Tech. Inst.*, No. 04-cv-1440 (JRT/JSM), 2005 WL 1073645, at *3 & n.1 (D. Minn. Apr. 22, 2005) (*citing Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996)).

### B.     Plaintiffs Meet the Lenient Standard for Conditional Certification.

While Section 216(b) does not define "similarly situated," the Ninth Circuit has recently reaffirmed that "[t]here is a 'near-universal practice to evaluate the propriety of the collective mechanism—in particular, plaintiffs' satisfaction of the "similarly situated" requirement—by way of a two-step "certification" process.'" *Harrington v. Cracker Barrel Old Country Store, Inc.*, Nos. 23-15650, 24-1979, 2025 U.S. App. LEXIS 16147, at *4 (9th Cir. July 1, 2025) (quoting *Campbell, supra*, 903 F.3d at 1100).

Under the two-tiered approach,

> the Court first makes an initial "notice stage" determination of whether the Plaintiffs are similarly situated. During this first stage, the Court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. If the Plaintiffs survive this hurdle, the Court will conditionally certify the proposed class and the lawsuit will proceed to a period of notification, which will permit the potential class members to opt into the lawsuit. Once the notification period ends, the Court moves on to the second step of the certification process. At the second step, in response to a motion to decertify the class filed by the Defendant, the Court makes another determination whether the proposed class members are similarly situated; this time, however, the Court applies a much stricter standard to scrutinize the nature of the claims.

[*Vasquez v. Dan Keen Servs.*, No. CV-21-00320-PHX-DLR**,** 2021 U.S. Dist. LEXIS 100673, *4-5 (D. Ariz. May 26, 2021) (internal quotations and citations omitted).]

At the notice stage of an FLSA collective action, "all that need be shown by the Plaintiffs is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Wertheim v. Arizona*, No. CIV 92-453-PHX-RCB, 1993 WL 603552, at *1 (D. Ariz. Sept. 30, 1993). *See also Juvera v. Salcido*, 294 F.R.D. 516, 519 (D. Ariz. 2013) ("Under the two-tiered approach, during the early stages of litigation, the Court evaluates the case under a lenient standard and may grant conditional certification."). The allegations need not be "strong [n]or conclusive." *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 926 (D. Ariz. 2010). "Plaintiffs need only show that their positions are similar, not identical to the positions held by the putative class members." *Juvera, supra*, 294 F.R.D. at 520 (internal quotations omitted). *See also Schiller v. Rite of Passage, Inc.*, No. 2:13-cv-0576-HRH, 2014 WL 644565, at *3 (D. Ariz. Feb. 19, 2014) ("Given that a motion for conditional certification usually comes before much, if any discovery, and is made in anticipation of a later more searching review, a movant bears a very light burden in substantiating its allegations at this stage."); *Harris v. Nat'l Waterproofing & Roofing LLC*, No. CV-21-01537-PHX-SPL, 2022 U.S. Dist. LEXIS 161477, at *5 (D. Ariz. Sept. 7, 2022) (At the notice stage, a "Plaintiffs' burden is low."); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001) (The Court makes its determination based on the pleadings and any declarations that have been submitted.).

Thus, "[i]n a typical case, 'plaintiff will, at some point around the pleading stage,

move for "preliminary certification" of the collective action, contending that they have at least facially satisfied the "similarly situated" requirement—by way of a two-step "certification" process.'" *Harrington*, *supra*, 2025 U.S. App. LEXIS 16147, at *4 (quoting *Campbell, supra*, 903 F.3d at 1100).

Accordingly, "[t]he 'sole consequence' of preliminary certification 'is the sending of court-approved written notice' to prospective-plaintiff employees, who may opt to join into the collective action by filing a written consent with the court. *Id.* (citing *Genesis Healthcare, supra*, 569 U.S. at 75). It is only "at a later stage in the proceedings 'after the necessary discovery is complete,' defendants may 'move for "decertification" of the collective action on the theory that the plaintiffs' status as "similarly situated" was not borne out by the fully developed record.'" *Id.* (citing *Campbell*, *supra*, 903 F.3d at 1100)).

A Plaintiff seeking conditional certification is not required to submit numerous declarations of other potential class members; rather "quality, not quantity, controls." *Scales v. Info. Strategy Design Inc.*, No. CV-18-00087-PHX-DLR, 2018 WL 6727265, at *3 (D. Ariz. Dec. 21, 2018). Even in cases where discovery has progressed and extensive fact-finding has occurred prior to the conditional certification stage, the lower scrutiny involved at step one still applies. *Vega v. All My Sons Bus. Dev. LLC*, 583 F. Supp. 3d 1244, 1253 (D. Ariz. Jan. 31, 2022).

Here, the first stage analysis is appropriate. This case is in the preliminary stages of litigation. There has been no exchange of discovery, and no depositions have been taken. As such, the lenient standard applies. *Juvera, supra*, 294 F.R.D. at 520 ("The Court uses a fairly lenient standard because the Court does not have much evidence at this stage.").

As stated above, Defendant instituted a company-wide practice to deprive Plaintiffs and other similar employees of their full overtime wages by not providing an adjusted overtime rate to include bonuses and not paying for off-the-clock overtime pay for hours worked over 40 hours in a given workweek.

Plaintiffs have submitted sufficient evidence to meet this lenient threshold for conditional certification; therefore, the Court should grant Plaintiffs' motion.

### C. Merit Based Arguments are Premature During this First Stage of Conditional Certification.

Defendant may argue conditional certification is improper because Plaintiffs and the potential Collective Members are not similarly situated in some way by job title or that some sort of exemption applies. However, as courts have repeatedly recognized, the arguments that go to the merits of Plaintiffs' claims are not yet ripe for resolution. *Hart v. U.S. Bank NA*, No. CV 12-2471-PHX-JAT, 2013 U.S. Dist. LEXIS 160147, 2013 WL 5965637, at *3 (D. Ariz. Nov. 8, 2013). Rather, "[a]ny variation in the putative class members' job responsibilities is a factor to be considered at the second stage of the analysis after completion of discovery." *Barrera v. U.S. Airways Grp., Inc.*, No. CV-2012-02278-PHX-BSB, 2013 WL 4654567, at *6 (D. Ariz. Aug. 30, 2013); *see also Coyle v. Flowers Foods Inc.*, No. CV-15-01372-PHX-DLR, 2016 WL 4529872, at *5 (D. Ariz. Aug. 30, 2016) (finding that arguments concerning possible differences in putative class members' job duties are more appropriately raised in a motion to decertify the conditional class). Simply put, the underlying merits of the substantive claims are not at issue here. *See Colson, supra*, 687 F. Supp. 2d at 926.

### III. PLAINTIFFS' PROPOSED NOTICE SHOULD BE APPROVED

#### A. Plaintiffs' Proposed Judicial Notice is Accurate and Informative.

Plaintiffs' proposed judicial notice is appropriate. "District courts may order notice to inform similarly situated employees of their right to opt into the case." *Vasquez, supra,* 2021 U.S. Dist. LEXIS 100673, at *7 (citation omitted). Judicially authorized notice of a collective action under § 216(b) must be "timely, accurate, and informative." *Hoffmann-La Roche, supra*, 493 U.S. at 172. Plaintiffs' proposed judicial notice achieves the goal of providing workers accurate and timely notice concerning the pendency of this action without taking sides on the merits. (*See* Proposed Notice and Consent Form, attached hereto as "**Exhibit 4**"). Plaintiffs' proposed notice to the potential opt-ins is "timely, accurate, and informative," as required. *Id.* The notice informs the Collective Members of their rights to opt-in to this litigation in a neutral manner, provides that the Court has yet to decide the merits of the dispute, and provides that Defendant cannot retaliate against them for asserting their rights.

**B.   The Court Should Approve Plaintiffs' Plan for Notifying Potential Opt-In Plaintiffs.**

Plaintiffs' plan for notifying putative class members is appropriate. Notification "will permit the potential class members to opt into the lawsuit." *Vasquez, supra,* 2021 U.S. Dist. LEXIS 100673, at *5. In *Vasquez,* after conditional certification was granted, proposed notice was found appropriate which included: 1) notification and consent to join forms to all putative class members; 2) identical reminders sent to all putative class members; and 3) posting of notice in a conspicuous location and 4) notice included in current employee paychecks. *Vasquez, id,* at *6. Similarly, Plaintiffs request appropriate delivery of notice to reach and adequately inform potential class members.

*1.   Notice Method*

Plaintiffs request that the Court authorize Notice in the form of: (1) mailing of the proposed Notice, by Plaintiffs' Counsel, to all known addresses of all potential opt-in Plaintiffs; and (2) emailing[1] of the proposed Notice, by Plaintiffs' Counsel, to all known email addresses of all potential opt-in Plaintiffs, (3) posting of the proposed Notice, by Defendant, in a conspicuous location in all its facilities until the opt-in period closes; and (4) inclusion of notice with paychecks to Defendant's current workers.

Plaintiffs propose that the notice be sent to the putative class members twice: the first time within seven days of receiving the list of putative class members and a second time forty-five days after, but only to those class members who have not joined at that time. A reminder notice is important. Some potential FLSA opt-ins may not receive, open, or review the initial notice. They may misplace it or forget about it. Sending either the entire Notice a second time, or alternatively, a short reminder notice with a consent form helps to ensure all persons interested in joining the action do so within the prescribed period. The number of late opt-ins is typically higher without a reminder Notice than with it. It reduces the Court's burden in deciding whether late opt-ins should be allowed to

---

[1] Courts have consistently found that email is an appropriate method of service of Notice. *See Scales v. Info. Strategy Design, Inc.*, 356 F. Supp. 3d 881, 888. (D. Ariz. Dec. 21, 2018)(finding first-class mail and e-mail an appropriate delivery method); *Phelps v. MC Communs, Inc.*, 2011 WL 3298414, at *6 (D. Nev. Aug. 1, 2011) (permitting email notice because it is an efficient, reasonable, and low-cost supplemental form of notice); *Santiago v. Amdocs, Inc.*, 2011 WL 6372348, at *8 (N.D. Cal. Dec. 19, 2011) (permitting notice via email); *Goudie v. Cable Commc'ns, Inc.*, 2008 WL 4628394, at *9 (D. Or. Oct. 14, 2008) (permitting notice via email); *White v. Integrated Elec. Techs., Inc.*, 2013 WL 2903070, at *9 (E.D. La. June 13, 2013) ("Plaintiffs have submitted ample authority indicating that federal district courts…frequently utilize e-mail to provide notice of collective actions"); *Pippins v. KPMG LLP*, 2012 WL 19379, at *14 (S.D.N.Y. Jan. 3, 2012) ("[G]iven the reality of communications today…email notice in addition to notice by first class mail is entirely appropriate"); *Lujan v. Cabana Mgmt., Inc.*, 2011 WL 3235628, at *3 n.3 (E.D.N.Y. July 27, 2011) (finding email to be "a relatively unobtrusive option" for providing notice).

proceed with their colleagues or whether they should be dismissed, forcing them to file their own similar action(s), thereby creating duplicative litigation.

Courts have recognized the importance of a reminder notice, and Plaintiffs request for it to be authorized here as well. *See Vasquez, supra,* 2021 U.S. Dist. LEXIS 100673, at *7; *Gee v Suntrust Mortg., Inc.*, 2011 WL 722111, at *4 (N.D. Cal. Feb. 18, 2011); *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010); *Ortiz-Alvarado v. Gomez*, No. CIV. 14-209 MJD/SER, 2014 WL 3952434, at *6 (D. Minn. Aug. 13, 2014); *Volz v. Provider Plus, Inc.,* No. 4:15CV0256 TCM, 2015 WL 4255614, at *4 (E.D. Mo. July 14, 2015); *Holliday v. J S Exp. Inc.,* No. 4:12CV01732 ERW, 2013 WL 2395333, at *10 (E.D. Mo. May 30, 2013).

### 2. *Opt-In Method and Notice Period*

Plaintiffs further request that the Court order a ninety (90) day notice period for employees to opt-in to the case. The Collective Members may execute their consent forms traditionally or electronically via DocuSign and/or Clio.

### 3. *Production of a List of Potential Collective Members*

Finally, prompt disclosure of the names and contact information for the putative class members is necessary for Plaintiffs to provide those individuals with notice of the action. *See Hoffmann-La Roche*, 493 U.S. at 170. "[D]istrict courts have routinely ordered the production of names and addresses of potential collective action members to Plaintiffs' counsel." *Bados Madrid v. Peak Constr., Inc.*, 2009 WL 2983193, at *2 (D. Ariz. Sept. 17, 2009).

Plaintiffs respectfully request that, in addition to entering an order granting conditional and class certification and approving Plaintiffs' Notice, the Court order

Defendant to produce within three days of its order, a list in electronic and importable format, of all employees including: (1) their full name, (2) all known mailing addresses, (3) all known email addresses (work and personal), (4) employee identification number, if any, (5) dates of employment, and (6) phone numbers. "The use of the telephone numbers as described by Plaintiffs would aid in identifying potential opt-in Plaintiffs and in avoiding directing notice to individuals who might share a name with a potential opt-in Plaintiffs, but who is not in that category. Thus, the Court recommends that Defendants provide telephone numbers for prospective opt-in Plaintiffs." *Fritch v. Orion Manufactured Hous. Specialists*, CV-21-00509-TUC-JGZ (JR), at *9 (D. Ariz. Apr. 27, 2022).

All the requested information is necessary to allow Plaintiffs sufficient information to confirm current addresses and/or to locate those persons who may have moved through the BeenVerified.com website. Phone numbers will not be used to contact individuals directly.

## IV.     CONCLUSION

At this preliminary stage, Plaintiffs have come forward with sufficient factual bases from which the Court can determine that similarly situated Plaintiffs exist. Thus, the Court should grant Plaintiffs' Motion and provide the following relief to Plaintiffs:

(1)     Conditionally certify this case as a collective action with respect to the class definition as described above;

(2)     Authorize the Opt-In procedure outlined above; and

(3)     For any such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED August 26, 2025.

**WEILER LAW PLLC**

By: /s/ James Weiler
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2025, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System and to the following via US Mail:

E Mortgage Capital Inc.
1846 E. Innovation Park Dr., #100
Oro Valley, AZ 85755

By: /s/ Ashley Peschke