Tracy A. Miller, AZ 015920
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.,
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602-778-3700
Fax: 602-778-3750
tracy.miller@ogletree.com
Attorneys for Defendant
E Mortgage Capital, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Ron Kasapi, an Arizona Resident; Jarrett Bain, an Arizona Resident; and Samantha Pearce, an Arizona Resident Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>E Mortgage Capital, Inc., a California limited liability company,<br><br>    Defendant. | No.  2:25-cv-02907-DWL<br><br>**E MORTGAGE CAPITAL, INC.'S AMENDED ANSWER TO COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, *ET SEQ.*** |

Defendant E Mortgage Capital, Inc. ("Defendant" or "EMC"), responds to Plaintiffs' Collective Action Complaint for Compensation Under 29 U.S.C. § 201, *Et Seq.,* as follows:

**PRELIMINARY STATEMENT**

1.      Defendant admits that Plaintiffs bring this action but denies that they can proceed on a collective basis. Defendant denies any remaining allegations in paragraph 1 of the Complaint.

2.      Defendant admits that Plaintiffs bring this action but denies that they can proceed on a collective basis. Defendant denies any remaining allegations in paragraph 2 of the Complaint.

3. Defendant admits that, during his employment, Plaintiff Ron Kasapi was compensated on an hourly basis and was also entitled to receive bonuses based on certain metrics. Defendant further admits that Plaintiffs Jarrett Bain and Samantha Pearce were compensated on a salary basis and were likewise entitled to receive bonuses based on certain metrics. Except as expressly admitted, Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 3 of the Complaint and therefore denies them.

4. Defendant admits that, during his employment, Plaintiff Ron Kasapi was compensated on an hourly basis and was also entitled to receive bonuses based on certain metrics. Defendant further admits that Plaintiffs Jarrett Bain and Samantha Pearce were compensated on a salary basis and were likewise entitled to receive bonuses based on certain metrics. Except as expressly admitted, Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 4 of the Complaint and therefore denies them.

5. Defendant admits that, during his employment, Plaintiff Ron Kasapi was compensated on an hourly basis and was also entitled to receive bonuses based on certain metrics. Defendant further admits that Plaintiffs Jarrett Bain and Samantha Pearce were compensated on a salary basis and were likewise entitled to receive bonuses based on certain metrics. Except as expressly admitted, Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 5 of the Complaint and therefore denies them.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant admits that Plaintiffs bring this action but denies that they can proceed on a collective basis. Defendant denies any remaining allegations in paragraph 11

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602-778-3700

of the Complaint.

12. Defendant admits that Plaintiffs are seeking equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA, but denies that they have any entitlement to such relief. Defendant denies any remaining allegations in paragraph 12 of the Complaint.

13. The allegations in paragraph 13 of the Complaint state legal conclusions that require no response.

## JURISDICTION AND VENUE

14. The allegations in paragraph 14 of the Complaint state legal conclusions that require no response. To the extent a response is required, Defendant does not contest that this action involves a federal question under the FLSA, over which this Court has subject matter jurisdiction.

15. The allegations in paragraph 15 of the Complaint state legal conclusions that require no response.

16. Defendant admits the allegations in paragraph 16 of the Complaint.

## PARTIES

17. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 17 of the Complaint and therefore denies them.

18. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 18 of the Complaint and therefore denies them.

19. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 19 of the Complaint and therefore denies them.

20. Defendant admits that Plaintiff Ron Kasapi was employed by Defendant from April 1, 2024 until January 6, 2025. Defendant denies any remaining allegations in paragraph 20 of the Complaint.

21. Defendant admits that Plaintiff Jarrett Bain was employed by Defendant from April 1, 2024 until July 1, 2025. Defendant denies any remaining allegations in paragraph 21 of the Complaint.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

22. Defendant admits that Plaintiff Samantha Pearce was employed by Defendant from April 1, 2024 until June 30, 2025 Defendant denies any remaining allegations in paragraph 22 of the Complaint.

23. The allegations in paragraph 23 of the Complaint state legal conclusions that require no response.

24. The allegations in paragraph 24 of the Complaint state legal conclusions that require no response.

25. Defendant admits the allegations in paragraph 25.

26. The allegations in paragraph 26 of the Complaint state legal conclusions that require no response.

27. The allegations in paragraph 27 of the Complaint state legal conclusions that require no response. To the extent a response is required, Defendant admits that it is an enterprise engaged in commerce with annual gross sales of at least $500,000 in 2022.

28. The allegations in paragraph 28 of the Complaint state legal conclusions that require no response. To the extent a response is required, Defendant admits that it is an enterprise engaged in commerce with annual gross sales of at least $500,000 in 2023.

29. The allegations in paragraph 29 of the Complaint state legal conclusions that require no response. To the extent a response is required, Defendant admits that it is an enterprise engaged in commerce with annual gross sales of at least $500,000 in 2024.

30. The allegations in paragraph 30 of the Complaint state legal conclusions that require no response. To the extent a response is required, Defendant admits that it is an enterprise engaged in commerce with annual gross sales of at least $500,000 in 2025.

31. The allegations in paragraph 31 of the Complaint state legal conclusions that require no response.

32. The allegations in paragraph 32 of the Complaint state legal conclusions that require no response.

33. The allegations in paragraph 33 of the Complaint state legal conclusions that require no response.

34.     Defendant admits that Plaintiffs would in the course of their job duties communicate via telephone and the internet. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 34 of the Complaint and therefore denies them.

35.     The allegations in paragraph 35 of the Complaint state legal conclusions that require no response.

36.     The allegations in paragraph 36 of the Complaint state legal conclusions that require no response.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF KASAPI

37.     Defendant admits that it is a mortgage company but denies any remaining allegations in paragraph 37 of the Complaint.

38.     Defendant admits that Plaintiff Ron Kasapi was employed by Defendant from April 1, 2024 until January 6, 2025. Defendant denies any remaining allegations in paragraph 38  of the Complaint.

39. Defendant admits that Plaintiff Jarrett Bain was employed by Defendant from April 1, 2024 until July 1, 2025. Defendant denies any remaining allegations in paragraph 39 of the Complaint.

40.     Defendant admits that Plaintiff Samantha Pearce was employed by Defendant from April 1, 2024 until June 30, 2025 Defendant denies any remaining allegations in paragraph 40 of the Complaint.

41.     Defendant admits that Plaintiff Ron Kasapi was employed by Defendant as a Loan Consultant. Defendant denies any remaining allegations in paragraph 41 of the Complaint.

42. Defendant admits that Plaintiff Jarrett Bain was employed by Defendant as a Loan Coordinator Lead. Defendant denies any remaining allegations in paragraph 42 of the Complaint.

43.      Defendant admits the allegations in paragraph 43 of the Complaint.

44.     The allegations in paragraph 44 of the Complaint state legal conclusions that

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

require no response. To the extent a response is required, Defendant denies the allegations in paragraph 44 of the Complaint.

45.    The allegations in paragraph 45 of the Complaint state legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant admits that, during his employment with Defendant, Plaintiff Ron Kasapi was compensated on an hourly basis and was also entitled to receive bonuses based on certain metrics. Defendant further admits that Plaintiffs Jarrett Bain and Samantha Pearce were compensated on a salary basis and were likewise entitled to receive bonuses based on certain metrics. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 46 of the Complaint.

47.    Defendant denies the allegations in paragraph 47 of the Complaint.

48.    Defendant denies the allegations in paragraph 48 of the Complaint.

49.    Defendant denies the allegations in paragraph 49 of the Complaint.

50.    Defendant denies the allegations in paragraph 50 of the Complaint.

51.    Defendant denies the allegations in paragraph 51 of the Complaint.

52.    Defendant denies the allegations in paragraph 52 of the Complaint.

53.    Defendant denies the allegations in paragraph 53 of the Complaint.

54.    Defendant denies the allegations in paragraph 54 of the Complaint.

55.    Defendant denies the allegations in paragraph 55 of the Complaint.

56.    Defendant denies the allegations in paragraph 56 of the Complaint.

57.    Defendant denies the allegations in paragraph 57 of the Complaint.

58.    Defendant denies the allegations in paragraph 58 of the Complaint.

59.    Defendant denies the allegations in paragraph 59 of the Complaint.

60.    Defendant denies the allegations in paragraph 60 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

61.    Defendant realleges and incorporates all other paragraphs by reference.

62.    Defendant admits that Plaintiffs bring this action, but denies that they can

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

proceed as a collective action. Defendant denies any remaining allegations in paragraph 62 of the Complaint.

63.    Defendant denies the allegations in paragraph 63 of the Complaint.

64.    Defendant admits that Plaintiffs bring this action but denies they can proceed on a collective basis.

65.    Defendant denies the allegations in paragraph 65 of the Complaint.

66.    Defendant denies the allegations in paragraph 66 of the Complaint.

67.    Defendant denies the allegations in paragraph 67 of the Complaint.

68.    Defendant denies the allegations in paragraph 68 of the Complaint.

69.    Defendant denies the allegations in paragraph 69 of the Complaint.

70.    Defendant denies the allegations in paragraph 70 of the Complaint.

71.    Defendant denies the allegations in paragraph 71  of the Complaint.

72.    Defendant denies the allegations in paragraph 72 of the Complaint.

73.    Defendant denies the allegations in paragraph 73 of the Complaint.

74.    Defendant denies the allegations in paragraph 74 of the Complaint.

75.    Defendant denies the allegations in paragraph 75 of the Complaint.

## COUNT I

## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

76.    Defendant realleges and incorporates all other paragraphs by reference.

77.    Defendant denies the allegations in paragraph 77 of the Complaint.

78.    Defendant denies the allegations in paragraph 78 of the Complaint.

79.    Defendant denies the allegations in paragraph 79 of the Complaint.

80.    Defendant denies the allegations in paragraph 80 of the Complaint.

81.    Defendant denies the allegations in paragraph 81 of the Complaint.

82.    Defendant denies the allegations in paragraph 82 of the Complaint.

83.    Defendant denies the allegations in paragraph 83 of the Complaint.

84.    Defendant denies the allegations in paragraph 84 of the Complaint.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

## GENERAL DENIAL

Defendant denies that Plaintiffs, any Collective Members, or any Class Members are entitled to the relief requested, or to any relief at all.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses:

1. The Complaint fails to state a claim or cause of action for which relief may be granted.

2. The claims of Plaintiffs and the individuals they seek to represent fail to the extent that they are barred, in whole, or in part, by the applicable statute of limitations.

3. Plaintiffs and the individuals they seek to represent are not entitled to a three-year limitations period under 29 U.S.C. § 255(a) because even if Plaintiff were able to prove an alleged violation of the FLSA, which Defendant expressly denies, any such violation was not willful within the meaning of the FLSA.

4. Plaintiffs and the individuals they seek to represent were at all relevant times exempt from the overtime provisions of the FLSA based on the exemption/exception applicable to employers of retail and service establishments, who receive more than half of their compensation in commissions, 29 U.S.C. § 207(i).

5. Plaintiffs and the individuals they seek to represent were at all relevant times exempt from the overtime provisions of the FLSA based on the bona fide administrative, executive, professional, outside sales, and/or highly compensated employee within the meaning of the FLSA, 29 U.S.C. § 213(a)(1), and the regulations promulgated thereunder, 29 C.F.R. Part 541.

6. Plaintiffs and the individuals they seek to represent were at all relevant times exempt from the overtime provisions of the FLSA based on a combination of exemptions within the meaning of the FLSA, 29 U.S.C. § 213(a)(1), and the regulations promulgated thereunder, 29 C.F.R. Part 541.

7. Plaintiffs and the individuals they seek to represent are not entitled to liquidated damages under 29 U.S.C. § 260 because, at all times relevant to this action,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

Defendant acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of its attorney, and the United States Department of Labor had reasonable grounds for believing Defendant did not violate the provisions of the FLSA.

8. Claims for overtime compensation and liquidated damages by Plaintiffs and the individuals they seek to represent are barred or subject to offset by all wages paid or other compensation provided.

9. Defendant is entitled to an offset or credit against any amounts due (which are denied) of an amount equal to the amount it paid, or overpaid, Plaintiffs and the individuals they seek to represent including, but not limited to, premium payments under 29 U.S.C. § 207(e).

10. The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of payment because Plaintiffs and the individuals they seek to represent were properly compensated for all time worked in accordance with the FLSA and because they were paid for additional time including, without limitation, time paid but not worked by Plaintiffs and the individuals they seek to represent.

11. Claims for recovery of overtime compensation and liquidated damages brought by Plaintiffs and the individuals they seek to represent are barred for hours allegedly worked without any Defendant's actual or constructive knowledge.

12. The time for which Plaintiffs and the individuals they seek to represent seek compensation is de minimis.

13. The preliminary and/or postliminary time for which Plaintiffs and the individuals they seek to represent is non-compensable. The claims for non-compensable time are barred by 29 U.S.C. § 254.

14. Some or all of the disputed time for which Plaintiffs and the individuals they seek to represent seek recovery of wages purportedly owed was spent engaging in activities that were not compensable work under the FLSA and were not an integral and indispensable part of the principal activities of Plaintiffs or the individuals they seek to

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

represent.

15.    Plaintiffs may not maintain this action as a collective action, pursuant to 29 U.S.C. § 216, because Plaintiffs are not similarly situated to other current or former employees of Defendant for purposes of the allegations and claims made in this lawsuit.

16.    Defendant alleges that this Court lacks personal jurisdiction over the claims of proposed collective members whose alleged work or activities did not occur within this state and whose claims do not arise out of or relate to Defendant's contacts with this state.

17.    The type of claims for which Plaintiffs purport to bring a collective action are matters on which individual issues predominate and are not appropriate for a collective action.

18.    Plaintiffs and the individuals they seek to represent may not pursue any claims in this action on behalf of anyone who has not joined this action or consented to join this action under 29 U.S.C. § 216(b).

19.    Defendant took reasonable measures to prevent and correct any alleged violations of the law and Plaintiffs and the individuals they seek to represent failed to take advantage of corrective opportunities provided or to otherwise avoid harm.

20.    Defendant complied with written regulations, orders, rulings, approvals, and interpretations of the United States Department of Labor and all recordkeeping requirements of the Fair Labor Standards Act. To the extent a violation of the FLSA exists, which Defendant denies, Defendant is not liable pursuant to 29 U.S.C. § 259(a) because the act or omission complained of was made in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, or interpretations.

21.    Defendant never willfully caused any injury to Plaintiffs or any of the individuals they seek to represent.

22.    Plaintiffs' claims and those of the individuals they seek to represent do not permit an award of punitive damages under the FLSA.

23.    To the extent Plaintiffs, and the individuals they seek to represent are entitled to any additional alleged overtime pay, they would be entitled to, at most, a half-time

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602-778-3700

1 premium for any hours worked in excess of 40 in any workweek.

2     24.    Certain of the interests of Plaintiff are in conflict with the interests of some

3 or all of the members of the alleged groups of individuals that Plaintiff purports to

4 represent, the existence of which is expressly denied.

5     25.    Plaintiffs' consents, or those of any allegedly similarly situated employee,

6 the existence of which is expressly denied, are defective, misleading, and violate due

7 process.

8     26.    Plaintiffs' individual claims are moot, and Plaintiffs therefore cannot

9 represent the interests of others.

10     27.    Plaintiffs' Complaint and each and every claim asserted therein, individually

11 and on behalf of the putative collective members Plaintiff purports to represent, are barred

12 to the extent Plaintiff or any putative class members fall within a collective in another

13 action that had identical and/or overlapping claims that have been adjudicated, including

14 without limitation under the doctrines of collateral estoppel and/or res judicata.

15     28.    Plaintiffs, and the individuals they seek to represent, are estopped from

16 pursuing the claims set forth in the Complaint by reason of their own acts, omissions, and

17 course of conduct, including, but not limited to, their failure to accurately record and report

18 their time as required by Defendant.

19     Defendant reserves the right to supplement or amend any part of its Answer,

20 including affirmative and additional defenses, based on discovery obtained in this lawsuit.

21     **WHEREFORE**, having filed its answer and affirmative defenses to Plaintiffs'

22 Complaint, Defendant requests:

23     A.    That this Court strike or dismiss the Complaint's class and collective action

24 allegations;

25     B.    That the entire Complaint be dismissed with prejudice, with Plaintiffs to take

26 nothing thereby;

27     C.    That this Court deny each demand and prayer for relief;

28     D.    That Defendant be awarded its attorneys' fees and costs incurred herein; and

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

1    E.    That Defendant be awarded such other and further relief as the Court deems

2  just and proper.

3    RESPECTFULLY SUBMITTED this 9th day of October 2025.

4                                    OGLETREE, DEAKINS, NASH, SMOAK &
                                     STEWART, P.C.

5

6    By:  s/ Tracy A. Miller
         Tracy A. Miller

7         Esplanade Center III, Suite 800

8         2415 East Camelback Road
          Phoenix, AZ  85016

9         Attorneys for Defendant
          E Mortgage Capital, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28