**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Ron Kasapi, et al.,

Plaintiffs,

v.

E Mortgage Capital Incorporated,

Defendant.

No. CV-25-02907-PHX-DWL

**ORDER**

On November 10, 2026, Plaintiffs' attorneys ("Counsel") filed a motion to withdraw as counsel of record for 26 opt-in Plaintiffs without their affirmative consent, indicating that "Counsel's office has emailed, texted, and called each individual at least ten times over a more than two-month time period" and has been met with no response, such that Counsel has been unable to "obtain the information needed to evaluate their damages, to respond to Defendant's written discovery, and to move their claims forward." (Doc. 100 at 2.)

Ninth Circuit law suggests a "justifiable cause" standard applies when, as here, the client does not affirmatively consent to the withdrawal request. *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941) ("An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court."). "Justifiable cause" is not a terribly demanding standard, and the professional considerations listed in ER 1.16 will often satisfy it, so long as other factors don't outweigh those considerations. *Gagan v. Monroe*, 2013 WL 1339935, *4 (D. Ariz. 2013) ("Factors that a district court should consider when ruling upon a motion to

withdraw as counsel include: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."). "[T]he trial court retains wide discretion in a civil case to grant or deny counsel's motion to withdraw." *Bohnert v. Burke*, 2010 WL 5067695, *1 (D. Ariz. 2010). "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Ariz. R. Prof'l. Cond. ER 1.16(c).

In a previous FLSA collective action, Counsel moved to withdraw from representation of an unresponsive plaintiff, and the Court denied the motion, concluding that a period of unresponsiveness did not necessarily establish justifiable cause for withdrawal without client consent. *Vanorden v. ECP Optometry Servs. LLC*, 2025 WL 2967007 (D. Ariz. 2025). The Court noted that there appeared to be no authority supporting the proposition that the unresponsiveness of a given plaintiff in an FLSA collective action "would somehow prejudice Counsel's ability to represent the remaining plaintiffs (both named and opt-in) in the collective action." *Id.* at *1. The Court further noted that withdrawal from representation of a certain plaintiff could prejudice that plaintiff:

> The collective mechanism is meant to ensure that party plaintiffs have the option of benefitting from the efficiencies of collective litigation, and workers have a statutory right to proceed collectively. Although the Court has held that each plaintiff in a collective action has the right to choose not to be represented by the attorneys representing the rest of the plaintiffs, surely one of the efficiencies of collective litigation is proceeding via common counsel. Thus, allowing Counsel to withdraw as counsel for one plaintiff in a collective action without her consent may prejudice that plaintiff's right to enjoy the benefits of the collective litigation. Moreover, if the result was that the suddenly unrepresented plaintiff felt it necessary to retain separate counsel, this could potentially complicate the litigation, thereby prejudicing the other plaintiffs, as well.

*Id.* at *2 (cleaned up).

In that same action, Counsel later moved to withdraw from representation of several other plaintiffs, again due to unresponsiveness. *Vanorden v. ECP Optometry Servs. LLC*, 2:24-cv-01060-DWL, Doc. 203. Counsel acknowledged that "there may not be prejudice

against other litigants in this case" but emphasized the extent of the efforts Counsel had made to reach these plaintiffs[1] and argued that these efforts were "taking away time that can be used with responsive Plaintiffs" and had necessitated extensions for discovery responses. *Id.* at 2-3. The Court ultimately granted the motion, finding that the justifiable cause standard was met. *Vanorden v. ECP Optometry Servs. LLC*, 2:24-cv-01060-DWL, Doc. 216.

In this action, the overarching rationale for the withdrawal request is that "the attorney-client relationship has broken down" as to the unresponsive plaintiffs and "permitting withdrawal will streamline the collective and focus the litigation on the claims that counsel is able to prosecute" so that "Counsel's staff will not be burdened with trying to contact [unresponsive] individuals." (Doc. 100 at 2.) Much like in *Vanorden*, it appears that Counsel has put forth repeated and varied efforts to contact the unresponsive plaintiffs, over a lengthy amount of time. Whereas the Court has noted that "two weeks of unresponsiveness—especially during what appears to be a noncrucial stage in the litigation—does not strike the Court as enough time to resort to withdrawal without consent," *Vanorden*, 2025 WL 2967007 at *1, two months of unresponsiveness to persistent and varied methods of outreach from Counsel is a different story. The lack of responsiveness is burdening Counsel with the need to keep making fruitless efforts.

The Court will afford the 26 unresponsive opt-in plaintiffs one last opportunity to respond. Counsel shall transmit to each of the 26 unresponsive opt-in plaintiffs, via email and U.S. mail, a copy of this order. Upon receiving this order, any heretofore unresponsive

[1] "The only communication that their counsel has received from them is either the mailing or the signing of their opt-in forms. Defendants have served these individuals through counsel with discovery requests. Counsel for Plaintiffs sent the discovery requests to these opt-in members on October 2, 2025, via email. Counsel for Plaintiffs have since sent approximately 6 follow-up emails to each opt-in member throughout the last thirty-four days. Counsel for Plaintiff has called these opt-in members approximately 10 times throughout the last thirty-four days. Counsel for Plaintiffs have also sent approximately 10 text messages to these opt-in members throughout the last thirty-four days. Counsel for Plaintiffs even went on BeenVerified to locate alternative phone numbers for the bad numbers that were provided. Counsel for Plaintiffs tried these alternate phone numbers in addition to the ones provided by the opt-in members on their opt-in form. The lack of communication has caused a major disruption for office staff as they spend a significant amount of time trying to contact these opt-in members." *Vanorden v. ECP Optometry Servs. LLC*, 2:24-cv-01060-DWL, Doc. 203 at 2-3.

plaintiff must contact Counsel via telephone or email by November 30, 2026. Counsel shall, on December 1, 2026, file a status update indicating whether any of the heretofore unresponsive plaintiffs responded by the November 30, 2026 deadline. The motion will then be granted as to any of the 26 unresponsive plaintiffs who remain unresponsive.

Accordingly,

**IT IS ORDERED** that Counsel shall, as soon as possible and at any rate by November 17, 2026, transmit to each of the 26 unresponsive opt-in plaintiffs, via email and U.S. mail, a copy of this order.

**IT IS FURTHER ORDERED** that upon receiving this order, any heretofore unresponsive plaintiff must contact Counsel, via telephone (480-442-3410) or email (jweiler@weilerlaw.com or jbarrat@weilerlaw.com) by November 30, 2026.

**IT IS FURTHER ORDERED** that Counsel shall, on December 1, 2026, file a status update indicating whether any of the heretofore unresponsive plaintiffs responded by the November 30, 2026 deadline.

Dated this 16th day of November, 2026.

Dominic W. Lanza
United States District Judge